AARON M. DICHTER, PLAINTIFF-RESPONDENT, v. HARRY ISAACSON ET AL., DEFENDANTS-APPELLANTS.

Argued October term, 1925—Decided March 18, 1926.

**Sale of Real Estate—Return of Deposit Money—Alleged Defect in Title—Part of Deposit Money in Note Which Became Due Before Time to Pass Title and Was Not Paid Because of Alleged Defect—Plaintiff Entitled to Receive Deed Free and Clear of Restrictions—Defendant Made No Effort to Convey Such Title.**

On appeal from the Plainfield District Court.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-respondent, *Joseph J. Mutnick.*

For the defendants-appellants, *Winfield S. Angelman.*

PER CURIAM.

This action was tried in Plainfield District Court without a jury, and judgment went for the plaintiff for $238.41.

The action was instituted by a vendee to recover deposit money and search and surveyor's fees, because of the vendor's inability to convey by good and marketable title, in accordance with the terms of the agreement between them.

The plaintiff produced a deed in the chain of title (known as the Bettmen deed, dated 1882), which conveyed the *locus in quo* and an adjoining lot, and which contained a covenant restricting the erection of a dwelling-house thereon, nearer than thirty feet from the road. The premises in question had thereon a dwelling built a year before the date of the contract, which stood about twenty-six feet and eleven inches from the road, and to which no objection had ever been made because of its propinquity to the road. The title had been transferred four or five times since 1882 by deeds which contained none of the restrictive covenants of the

Bettmen deed. The house on the adjoining lot included in the Bettmen deed was located slightly less than thirty feet from the road.

There was evidence that the buildings on the same block were located thirty feet or more back from the road, but there was no proof of a common agreement, covenant or scheme to establish such line as a *modus vibendi*. The defendants contend that the situation thus existing does not show a defective title.

The plaintiff gave in part payment of the deposit money a note for $400, which fell due about two weeks before the date fixed for the closing of the title, and which plaintiff neglected to pay because of his knowledge of the alleged defect in the title, and defendants' refusal to rectify the same. The plaintiff made no tender of the purchase price. The defendants contend the situation thus outlined shows a default in plaintiff, notwithstanding plaintiff's repeated professed willingness to accept title, provided it were made marketable.

The trial court found that the plaintiff under this agreement was entitled to receive from defendants a deed of conveyance free and clear of the restrictions mentioned, and that, as defendants made no effort to convey such title, tender of the consideration by plaintiff was unnecessary. In that conclusion we concur.

The judgment will be affirmed.